UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SOL'S JEWELRY & LOAN, INC., a Nebraska Corporation, | Case No. 17-CV-5490 (SRN/LIB) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| AMBER L. WESTLAKE and GERALD N. HOLDEN, | |
| Defendants. | |

Defendant Gerald N. Holden, a prisoner at a federal correctional institution located in Minnesota, has filed a Notice of Removal relating to a lawsuit filed against him in Nebraska state court. ([Docket No. 1]). Under 28 U.S.C. § 1441(a), however, a lawsuit may be removed only "to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Nebraska, not this District, is the federal district "embracing the place" where Holden's state-court lawsuit is pending — or, as explained below, perhaps *was* pending. This District is plainly the wrong venue for removal of Holden's lawsuit, and this action cannot proceed here.

"Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. For the reasons explained below, this Court concludes that a transfer of this matter to the District of Nebraska would not be in the interests of justice, and that the action should instead be remanded to the appropriate Nebraska state court.

First, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendant Amber L. Westlake has not joined in or consented to the removal. Although Holden alleges that the claims brought against Westlake and him should proceed to trial separately to avoid prejudice, (see, [Docket No. 3] (citing Fed. R. Civ. P. 42(b)), this is not the same as to contend that Westlake was improperly *joined* in the action when the case was filed. See, Fed. R. Civ. P. 19-20; Neb. Rev. Stat. § 25-705. Assuming that Westlake was properly joined in the action and served — and Holden has not contended otherwise — she must consent to the removal before the action may proceed in federal court.

Second, Holden has not sufficiently pleaded that "the district courts of the United States have original jurisdiction" over this action. 28 U.S.C. § 1441(a). Holden alleges that diversity of citizenship provides a basis for original jurisdiction, see, 28 U.S.C. § 1332(a), but the Notice of Removal fails to establish this fact. Only the state of "domicile[]" (Nebraska) of the Plaintiff corporation is provided by Holden, (see [Docket No. 1], 1), but "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Holden does not allege in which state the Plaintiff was incorporated, and thus this Court cannot know from the Notice of Removal every state in which the plaintiff is a citizen. Nor is Westlake's citizenship alleged in the Notice of Removal. Finally, Holden contends that he is "not a citizen of the state in which this matter originates" because "of his imprisonment in the State of Minnesota. ([Docket No. 1], 1). But prisoners are generally presumed to retain their pre-incarceration domicile, absent "truly exceptional circumstances which would justify a finding that he has acquired a new

domicile at the place of his incarceration." <u>Jones v. Hadican</u>, 552 F.2d 249, 251 (8th Cir. 1977). If Holden was a citizen of Nebraska before his term of imprisonment, it is likely that he remains a citizen of Nebraska today and that complete diversity of jurisdiction between the parties is impossible.[1]

> Third, under 28 U.S.C. § 1446(b)(1),
>
>> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Holden has not provided the court "with a copy of all process, pleadings, and orders" served on him in the state court action, 28 U.S.C. § 1446(a), thus making it impossible to conclude with certainty that the notice of removal was filed too late.[2] But Holden seeks to have the *judgment* in the state-court action vacated, (<u>see</u>, [Docket No. 4]), suggesting that the action was filed and served in state court more than 30 days before Holden filed the Notice of Removal.

This action cannot be removed to the District of Minnesota, and it is overwhelmingly unlikely that it can be removed to any federal district court. Accordingly, rather than recommending transfer of this matter to the District of Nebraska, it is hereby recommended that this matter be remanded to the Douglas County District Court in the State of Nebraska.

---

[1]Further, as a citizen of the State of Nebraska, Holden would be incapable of removing an action from the Nebraska state courts solely on the basis of diversity of citizenship. <u>See</u>, 28 U.S.C. § 1441(b)(2).

[2]Holden has failed to correct this mistake despite having been alerted to it on December 29, 2017. (<u>See</u>, [Docket No. 5]).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be REMANDED to the Douglas County District Court, State of Nebraska.

Dated: January 23, 2018                    s/Leo I. Brisbois
                                           Leo I. Brisbois
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).